FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 MAY 16 PM 2:39
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL, JR.,

    Petitioner,

v.

DAVID J. EBBERT, Warden, and
SAMUEL S. OLENS, Attorney
General,

    Respondents.

CIVIL ACTION NO.: CV611-020

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bob Aaron Mikell ("Mikell") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction obtained in the Candler County Superior Court. Respondents filed an Answer-Response and a Motion to Dismiss, and Mikell filed a Reply. For the reasons which follow, Respondents' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Mikell was convicted in the Candler County Superior Court in 1994 after pleading guilty to two (2) counts of the sale of cocaine. Mikell received sentences of 10 years' imprisonment on each count, to run concurrently. Mikell did not file a direct appeal.

Mikell filed a state habeas corpus petition in the Candler County Superior Court in 2008, which was denied. The Georgia Supreme Court denied Mikell's application for certificate of probable cause to appeal in January 2010.

Mikell filed this petition on February 23, 2011. Through this petition, Mikell challenges his 1994 state court convictions, as he asserts these convictions were used to enhance his current federal sentence.

Respondents contend that Mikell's petition should be dismissed for two (2) reasons: 1) Mikell is not "in custody" pursuant to section 2254; and 2) Mikell's petition is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

To file a section 2254 petition, a petitioner must be "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. §§ 2254(a) and (b)(1). A habeas petitioner is no longer "in custody" within the meaning of section 2254 when the challenged sentence has fully expired. Even if a petitioner suffers collateral consequences from the challenged sentence, "collateral consequences of [a] conviction, alone, are insufficient to render the [petitioner] in custody for the purposes of [a § 2254] habeas attack." Birotte v. Sec'y for Dep't of Corr., 236 F. App'x 577, 578 (11th Cir. 2007) (quoting Maleng v. Cook, 490 U.S. 488, 492 (1989)). However, "when a § 2254 petition could be construed as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is 'in custody' for purposes of federal habeas jurisdiction." Id. at 578-79 (internal citation omitted). The Eleventh Circuit Court of Appeals has held that "Maleng permitted currently incarcerated petitioners to challenge a sentence enhanced by an expired sentence." Means v.

2

Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000). Rather than challenging the expired conviction, the "petitioner is deemed to be challenging [his] current sentence that has been enhanced by an expired conviction[ i]n order to meet the 'in custody' requirement." Id. Thus, "a petitioner who challenges an expired state sentence that was used to enhance his current federal sentence must bring his suit under 28 U.S.C. § 2255." Id.

Mikell challenges his 1994 Candler County Superior Court convictions to the extent these convictions allegedly were used to enhance his current federal sentence. Mikell received two (2) ten-year sentences, to be served concurrently, in the Candler County Superior Court. Presumably, these sentences terminated in 2004 at the latest.[1] Thus, Mikell cannot challenge his expired state court convictions in his § 2254 petition, as he is not "in custody" for purposes of section 2254. Nevertheless, Mikell may be able to challenge his state court convictions to the extent he alleges his state court convictions improperly served to enhance his current federal sentence. However, Mikell must do so by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2] Respondents' Motion to Dismiss should be **granted**.

It is unnecessary to address the timeliness of Mikell's § 2254 petition.

---

[1] A search of offenders, past and present, on www.dcor.state.ga.us for "Bob Mikell" provided no results to allow the Court to determine when Mikell was released from state custody.

[2] The undersigned makes no comment about the efficacy of filing a § 2255 motion. Nevertheless, the undersigned notes that Mikell has already pursued this avenue, unsuccessfully, in this Court. (CR606-26, Doc. Nos. 992, 999, 1111, 1142). Mikell filed a Notice of Appeal on May 6, 2011. (Id. at Doc. No. 1198).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Mikell's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)