UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL, JR.,

Petitioner,

v.   6:11-cv-20

SAMUEL S. OLENS, et al,

Defendants.

## ORDER

The Court dismissed Petitioner Bob Aaron Mikell's ("Mikell") petition for habeas corpus on June 13, 2011 because he was no longer "in custody" for the challenged convictions. *See* Docs. 10, 13, 14; *see also Birotte v. Sec'y for Dep't of Corrs.*, 236 F. App'x 577, 578 (11th Cir. 2007). Mikell moved the Court to reconsider, *see* Doc. 15, but before the Court ruled, Mikell filed a notice of appeal, *see* Doc. 16. The Court construes Dickerson's notice of appeal as a request for a Certificate of Appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

### A. MOTION TO RECONSIDER

Mikell's appeal divests this Court of jurisdiction to decide his motion for reconsideration. *See United States v. Reed*, 404 F. App'x 464, 465 (11th Cir. 2010). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See id.* Mikell's motion to reconsider challenges the Court's ruling that he is no longer "in custody" for the convictions he challenged. *See* Doc. 15 at 2. This same issue is before the Eleventh Circuit via Mikell's notice of appeal.

Mikell's motion for reconsideration, *see* Doc. 15, is ***DISMISSED***.

### B. CERTIFICATE OF APPEALABILITY

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Jurists of reason would not debate that Mikell is not "in custody" with respect to the convictions he challenges, and therefore, habeas relief under 28 U.S.C. § 2254 is unavailable to him.

Mikell's implied motion for a COA, *see* Doc. 16, is ***DENIED***.

## C. *IN FORMA PAUPERIS*

"An appeal may not be taken *in forma pauperis* [("IFP")] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Mikell's claims are frivolous and his appeal is not taken in good faith. His motion is ***DENIED***. The Court assesses the full docket and filing fees of $455.

This 25th day of July 2011.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA