IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL, JR.,     *
                                *
    Petitioner,               *
                                *
        v.                        *       CV 611-020
                                *
DAVID J. EBBERT, Warden, and     *
SAMUEL S. OLENS, Attorney        *
General,                      *
                                *
    Respondent.             *
                                *
                                *

## O R D E R

Presently before the Court is Petitioner's Motion for Relief from Judgment. (Doc. 23.) Petitioner seeks to re-litigate a well settled dispute under Federal Rule of Civil Procedure 60(b). Specifically, Petitioner claims that a 2012 Supreme Court case casts doubt upon adverse decisions previously rendered by this Court. The Court disagrees.

**BACKGROUND**

In 1994, Petitioner pled guilty in the Superior Court of Candler County, Georgia, to two counts of the sale of cocaine and was sentenced to 10 years of imprisonment on each count, to run concurrently. In 2011, Petitioner brought a habeas corpus claim under 28 U.S.C. § 2254 to challenge his state-court convictions on the basis of ineffective assistance of counsel. (Doc. 10.) Although no longer in state custody, Petitioner challenged his convictions because they were used to enhance a later federal

sentence for which he is still serving time. This Court dismissed Petitioner's claim because he was no longer in state custody and could not meet the statutory requirements of § 2254. (Docs. 10, 13.) Petitioner then filed a motion to reconsider which this Court denied. (Doc. 15, 18.) At the same time Petitioner filed his motion to reconsider, he also sought an appeal in the Eleventh Circuit. (Doc. 16.) The Eleventh Circuit denied his motion for certificate of appealability. (Doc. 22.)

**DISCUSSION**

Having exhausted all possible legal remedies, Plaintiff embarks upon a final attempt to overturn this Court's previous decisions by using the rule of last resort: Federal Rule of Civil Procedure 60(b). Rule 60(b)(4)-(6), under which Petitioner makes his claim, allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if the previous judgment is void, the previous judgment is based on an earlier judgment that has been reversed or vacated, or if any any reason exists that justifies relief. It plays an "unquestionably valid role [ ] in habeas cases" and serves a necessary function in cases where a wrong judgment is mistakenly entered. Gonzalez v. Crosby, 545 U.S. 524, 534 (2005). Petitioner's motion, however, fails on two independent grounds.

First, Petitioner's motion violates Rule 60(b)'s filing deadline. Motions made under Rule 60(b)(4)-(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c). Five years have elapsed since this Court denied Petitioner's motion to

2

reconsider, and four years have elapsed since the Supreme Court issued the decision upon which Petitioner relies. Petitioner has offered no reason for the very lengthy delay in filing his petition, and the Court finds no independent reason why such a delay might be reasonable. Thus, this Court finds that Petitioner failed to meet the time limit set forth in Rule 60(c).

Second, even if Petitioner had timely filed his motion, it would still fail on the merits. The Court declined Petitioner's original motion and his motion to reconsider because petitioner did not satisfy the requirements of § 2254, the statutory provision under which Petitioner brought his motion. § 2254 applies only to petitioners still within state custody. 28 U.S.C. § 2254(a) and (b)(1). If a Petitioner is no longer in state custody, but is challenging a federal sentence enhancement based upon a previous state conviction, he must bring his challenge under § 2255. Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000). Petitioner was not in state custody at the time he brought his challenge, and had already lost on a previous § 2255 claim. Thus, this Court denied his claim.

The Petitioner asserts that Martinez v. Ryan, 132 S. Ct. 1309 (2012), requires this Court to reconsider its previous motions declining Petitioner's § 2254 claims. Martinez, however, does no such thing. Martinez stands for the narrow proposition that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. It

says absolutely nothing about when a Petitioner may make a claim under § 2254. <u>Martinez</u> is completely inapplicable to the current case and does not trigger any of the requirements for relief from judgment set forth in Rule 60(b)(4)-(6). The judgment which petitioner challenges rested solely on the grounds that Petitioner's expired state-court convictions made a § 2254 claim improper. It had nothing to do with whether Petitioner had a right to adequate counsel at his collateral proceedings. Thus, it does not void the previous judgment, it does not give grounds to reverse or vacate the previous judgment, and it does not give any other reason for revisiting this Court's previous judgment. Therefore, this Court denies Petitioner's 60(b) motion on the merits.

## Conclusion

Because Petitioner did not timely file his Rule 60(b) motion, and because Petitioner's arguments are without merit, the Court **DENIES** his motion. (Doc. 23.)

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of October, 2016.

---

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4